United States District Court
Middle District of Florida
Jacksonville Division

GARY ROBERT MILLER,

       *Plaintiff,*

v.                                           **NO. 3:15-cv-209-J-34PDB**

CITY OF ATLANTIC BEACH,

       *Defendant.*

---

## Report & Recommendation

Gary Robert Miller, proceeding pro se and in forma pauperis (IFP), sues the City of Atlantic Beach under 42 U.S.C. § 1983, alleging its police officers violated the Fourth Amendment by arresting him without probable cause. Doc. 5. I recommend dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) because the amended complaint fails to state a claim. I recommend dismissal with prejudice because Miller already had an opportunity to amend the complaint to try to state a claim, and nothing in the latest allegations indicates a more carefully drafted complaint could state a claim against the City of Atlantic Beach.

### I.    Procedural History

The original complaint contained only bare-boned allegations of false arrest. Doc. 1. With its filing, Miller moved to proceed IFP. Doc. 2. The Court granted the motion but stayed service of process, directing him to file an amended complaint that complied with the pleading standards in the Federal Rules of Civil Procedure and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Doc. 4. He filed the amended complaint now

before the Court. Doc. 5. He later moved for appointment of counsel, to lift the stay of service of process, and to expedite service of process. Docs. 7, 8. The Court denied the motions. Doc. 9.

## II.   Judicially Noticed Facts

The following judicially noticed facts are from documents on the Duval County Clerk of Courts docket, https://core.duvalclerk.com, attached to this report and recommendation.[1] They provide only context for Miller's allegations otherwise difficult to understand. They are unnecessary to a dismissal decision.

On February 14, 2011, Miller's across-the-street neighbor, Karen Spalding, petitioned the state court for an injunction against him. *Spalding v. Miller*, No. 16-2011-DR-462-DVXX-MA, Line 4 (Circuit Court of the Fourth Judicial Circuit, in and for Duval County, Florida). On February 15, 2011, the state court approved a temporary injunction against him. *Id.* at Line 6. The injunction prohibited him from having any contact with Spalding whether in person or by mail, email, etc. *Id.* The

---

[1]At any stage and on its own, a court may judicially notice a fact that cannot be reasonably disputed because it is generally known or can be readily and accurately determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201. If a court takes judicial notice of a fact before notifying a party, the party still may be heard upon request. Fed. R. Evid. 201(e). Objections to a magistrate judge's report and recommendation provide an opportunity to be heard. *Amadasu v. The Christ Hosp.*, 514 F.3d 504, 508 (6th Cir. 2008).

"Courts may take judicial notice of publically filed documents, such as those in state court litigation, at the Rule 12(b)(6) stage." *U.S. ex rel. Osheroff v. Humana Inc.*, 776 F.3d 805, 811 n.4 (11th Cir. 2015); *accord Boyd v. Georgia*, 512 F. App'x 915, 917 (11th Cir. 2013) (court properly judicially noticed on its own the online record of related state-court proceeding as basis for dismissing plaintiff's civil-rights complaint). The facts judicially noticed here can be readily and accurately determined from a source whose accuracy cannot reasonably be questioned (the state clerk's docket).

injunction authorized any police officer in Florida to arrest him without a warrant if there was probable cause to believe he knowingly violated the injunction. *Id.* The return of service states service occurred on February 22, 2011. *Id.* at Line 7. On March 18, 2011, the state court entered a "Final Judgment of Injunction for Protection Against Repeat Violence" against him. *Id.* at Line 11.

On February 25, 2011, R.W. Ashmore, a police officer with the Atlantic Beach Police Department, arrested Miller for alleged stalking without threats, in violation of Fla. Stat. § 784.048(2), and alleged defamation, in violation of Fla. Stat. § 836.04. *State v. Miller*, No. 16-2011-MM-3703-AXXX-MA, Line 1 (Circuit Court of the Fourth Judicial Circuit, in and for Duval County, Florida). In the arrest and booking report, he stated he had initiated an investigation after Spalding reported Miller had been harassing her. *Id.* He set forth an alleged history of harassment of Spalding by Miller, beginning with Miller's arrest in 2009 for which he blamed her, continuing with demeaning signs about her on Miller's property ("Cocaine whore!, only matter of time for prison, career criminal, adopted piece of shit, C[] and B[] … follow in … steps criminal loser in life will never own anything loser, finger prints 100%, killed at birth"), and culminating in a letter with her personal information to the house of a friend, John Gianato, where she had been staying. *Id.* He stated that he and "Sgt. Hicks" had matched handwriting in an anonymous letter received by "Sgt. Maddox" and forwarded to him alleging Spalding was a cocaine addict, thief, and career criminal; handwriting in signs he had observed on Miller's property; and handwriting in reports Miller had provided to his state probation officer. *Id.* Miller ultimately pleaded nolo contendere, adjudication of guilt withheld, to breach of the peace, in

3

violation of Fla. Stat. § 877.03.[2] *Id.* at Lines 190–92.

## III.  Allegations

In the amended complaint, Miller alleges:

1. Letter written by Charlotte Belohlavek that was received at the Gianato residence via USPS was not sent nor written by Mr. Miller as alleged, but was utilized as a key piece of evidence in his arrest.

2. Tip written anonymously by Mr. Miller to the the [sic] Atlantic Beach Police Department informing them about consistent drug activity at 284 Belvedere St. was reviewed by Sgt. Maddox, who later brought it to Officer Ashmore's attention, ultimately leading to the anonymous note being used as evidence in Mr. Miller's arrest, breaking confidentiality.

3. Ms. Spalding falsified her official statement about her residency at the time, in order to place credibility to the claims against Mr. Miller in his arrest.

4. Sgt. Hicks and Officer Ashmore assumed that the document compared from Mr. Miller's monthly probation report to the envelope of the letter sent to the Gianato residence was Miller's handwriting without doing any further investigation of the origin. The letter from Mr. Miller's monthly probation report was written by Charlotte Belohlavek for Mr. Miller, who was fulfilling the request of his probation officer to provide the names, phone numbers, and addresses of his friends.

5. The sign that Mr. Miller had displayed on his front porch had been stolen (verifiable by James Walker) and ended up in the

---

[2]Under the *Rooker-Feldman* doctrine, a federal district court lacks subject-matter jurisdiction to review a state judgment. *Casale v. Tillman,* 558 F.3d 1258, 1260 (11th Cir. 2009). The doctrine is narrow; it applies only to cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284 (2005). Although the state court entered judgments in the injunction and criminal cases against Miller, the *Rooker-Feldman* doctrine does not apply to deprive the Court of subject-matter jurisdiction because he is seeking damages for an allegedly unconstitutional arrest; he is not seeking what is essentially appellate review of either judgment.

hands of Ms. Spalding and Mr. Mguire [sic], who falsely claimed to have obtained it from Mr. Miller's trash, ultimately using it was [sic] evidence in his arrest, claiming it was evidence of defamation of character, thus, violating Miller's first amendment rights to freedom of speech.

6.   Probable cause was not warranted due to the fact that it was based on false assumptions and unverified sources.

7.   Finding of probable cause to detain on 02/06/2011 for violating temporary injunction was not valid because Mr. Miller was not served notice of injunction until after he was detained, therefore, his initial arrest did not meet the requirements of probable cause to detain.
…

There wasn't any evidence or probable cause for this arrest; it was solely based on inaccurate testimonies, misinterpreted conclusions about handwriting drawn from unverified sources. The investigator report for Robert Terry had came in [sic] and verified that this arrest was in fact false, however, Mr. Miller was still charged by the state with disturbing the piece [sic] as an attempt to deter him from filing suit against the City of Atlantic Beach.

Doc. 5 at 1–3. Miller includes nothing more in the amended complaint except for a statement of his claim ("False arrest was in violation of my 4th amendment right, title 42 sec. 1983 of U.S.code [sic]"), the parties' names and addresses, the location of the events giving rise to the claim ("Atlantic Beach, FL"), a statement of relief sought ("Determine that I was falsely arrested, hold all parties accountable, and deem appropriate compensation"), a demand for unspecified monetary damages, and a request for a trial by jury. *See generally id.*

IV.   **Analysis**

Under 28 U.S.C. § 1915(e)(2)(B)(ii), if a plaintiff is proceeding IFP, a court "shall dismiss [his] case at any time" if it fails to state a claim on which relief may be

granted. To decide if a pro se, IFP complaint fails to state a claim on which relief may be granted, a court must construe the complaint liberally,[3] accept its factual allegations as true, and apply the Federal Rule of Civil Procedure 12(b)(6) standards. *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). To survive a Rule 12(b)(6) dismissal, a complaint must allege facts, accepted as true, that state a claim "that is plausible on its face." *Iqbal*, 556 U.S. at 678. The plausibility standard asks for less than a probability but "more than a sheer possibility that a defendant has acted unlawfully." *Id.* That a court must accept factual allegations as true does not apply to legal conclusions. *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

42 U.S.C. § 1983 provides a cause of action against any person who, acting under the color of state law, deprives a person of a federal right. *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). A municipality may serve as a "person" subject to § 1983 liability. *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690 (1978); *GeorgiaCarry.Org., Inc. v. Georgia*, 687 F.3d 1244, 1254 n.17 (11th Cir. 2012). And a municipality is not necessarily immune from § 1983 liability. *Abusaid v. Hillsborough Cnty. Bd. of Cnty. Comm'rs*, 405 F.3d 1298, 1314−15 (11th Cir. 2005). But to face § 1983 liability, a municipality must have and enforce a policy that infringes on a federal right. *GeorgiaCarry.Org*, 687 F.3d at 1254 n.17.

---

[3]Although a court must hold a pleading drafted by a pro se plaintiff to a less stringent standard than one drafted by a lawyer, *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998), the court cannot rewrite a deficient pleading or otherwise serve as de facto counsel, *GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Construing the amended complaint liberally, accepting its factual allegations as true, and applying the Rule 12(b)(6) standards, it fails to state a claim on which relief may be granted because it alleges no policy or enforcement of a policy that would subject the City of Atlantic Beach to § 1983 liability. Dismissal under § 1915(e)(2)(B)(ii) is warranted.

Under Federal Rule of Civil Procedure 15(a), a court should freely permit a plaintiff to amend his complaint if justice so requires. If a more carefully drafted complaint might state a claim, a pro se plaintiff must be given at least one chance to amend the complaint before the court may dismiss it with prejudice. *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). Dismissal with prejudice is appropriate if granting leave to amend would be futile. *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007).

The Court previously gave Miller an opportunity to amend to try to state a claim against the City of Atlantic Beach. He fails to do so in his amended complaint, and no allegations or inferences from them indicate that a more carefully drafted complaint could state a claim against the City of Atlantic Beach (or anyone else based on factual allegations that remain after legal conclusions are omitted), making any amendment futile and dismissal with prejudice warranted.[4]

---

[4]Because the factual basis for the criminal conviction against Miller (a nolo contendere plea is a conviction regardless of adjudication of guilt, Fla. Stat. § 960.291(3)) for breach of peace is unclear (whether based on the sign he admits having or the letter he denies writing and sending), it is unclear whether *Heck v. Humphrey*, 512 U.S. 477 (1994), provides an alternative basis for dismissal. In *Heck*, the Supreme Court held that a plaintiff cannot bring a § 1983 claim for damages if judgment in his favor necessarily would imply the invalidity of a state conviction unless he shows the conviction had been reversed, expunged, declared invalid, or

A party permitted to proceed IFP in the district court may proceed IFP on appeal without further authorization unless the district court—before or after a notice of appeal is filed—certifies that the appeal is not taken in good faith and states in writing its reasons for the certification. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3)(A). A party demonstrates good faith by seeking appellate review of an issue that is not objectively frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Busch v. Cnty. of Volusia*, 189 F.R.D. 687, 691-92 (M.D. Fla. 1999). An issue is frivolous if it is without arguable merit either in law or fact. *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002). "Arguable" means "capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991). If a claim is arguable but ultimately will be unsuccessful, it should be allowed to proceed. *Cofield v. Ala. Pub. Serv. Comm'n*, 936 F.2d 512, 515 (11th Cir. 1991).

---

questioned by a federal court's issuance of a writ of habeas corpus. 512 U.S. at 486–87. Unlike the *Rooker-Feldman* doctrine, *Heck* is not a jurisdictional bar; it "rests expressly on analogy to the common-law tort of malicious prosecution and implicitly on grounds of federalism …, and the conflict between § 1983, which does not require exhaustion of state remedies, and federal habeas corpus, which does." *Cain v. Ryan*, 171 F. Supp. 2d 813, 821 n.3 (N.D. Ill. 2001). Even if the *Rooker-Feldman* doctrine does not bar an action, *Heck* still may. *Esensoy v. McMillan*, No. 06-12580, 2007 WL 257342, at *1 (11th Cir. Jan. 31, 2007) (unpublished). *Heck* does not necessarily bar a § 1983 claim alleging an illegal arrest because a valid conviction may follow an illegal arrest. *Hughes v. Lott*, 350 F.3d 1157, 1160–61 (11th Cir. 2003). But if the factual basis for the plaintiff's § 1983 claim inevitably undermines his conviction, dismissal based on *Heck* is warranted. *Towbridge v. Tacker*, 488 F. App'x 402, 404–05 (11th Cir. 2012); *Vickers v. Donahue*, 137 F. App'x 285, 289–90 (11th Cir. 2005). Thus, for example, dismissal based on *Heck* is warranted if the plaintiff challenges his role in the offense conduct that led to his arrest and conviction as opposed to the procedure by which his arrest was effectuated. *Towbridge*, 488 F. App'x at 404–05. Because the factual basis for the criminal conviction against Miller for breach of peace is unclear, this report and recommendation does not address *Heck* as an alternative basis for dismissal.

An appeal by Miller would not be taken in good faith because he can raise no issue of arguable merit either in law or fact given the clear application of established § 1983 law concerning municipalities and the complete absence of allegations that would make the City of Atlantic Beach liable, and given the clear application of established law concerning dismissal with prejudice, the previous opportunity to amend, and the complete absence of any indication that a more carefully drafted complaint would state a claim against the City of Atlantic Beach. A certification is warranted.

## V. Recommendation

I recommend that the Court:

(1) **Dismiss** Miller's amended complaint, Doc. 5, **with prejudice**.

(2) **Certify** under 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3)(A) that any appeal from the order is not taken in good faith given the clear application of established § 1983 law concerning municipalities and the complete absence of allegations that would make the City of Atlantic Beach liable, and given the clear application of established law concerning dismissal with prejudice, the previous opportunity to amend, and the complete absence of any indication that a more carefully drafted complaint would state a claim against the City of Atlantic Beach.

(3)     **Direct** the clerk to close the case.[5]

**Entered** in Jacksonville, Florida, on November 4, 2015.

_____

PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c:     Gary Robert Miller
       283 Belvedere Street
       Atlantic Beach, FL 32233

---

[5]"Within 14 days after being served with a copy of [a report and recommendation on a dispositive motion], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." Id. A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. See Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.